# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Crystal Suarez, | Case No.: 2:14-cv-2100-JAD-GWF |
| Plaintiff | |
| v. | **Order Dismissing Claims against the United States and Remanding Case Back to State Court** |
| United States of America, et al., | |
| Defendants | |

Crystal Suarez claims she was involved in a car accident as a result of water that drained from the swimming pool of a residential property. She asserts a single negligence claim against the property management company, the employee who drained the pool, and the alleged owner of the house, the United States of America.[1] The United States removed the case from the Eighth Judicial District Court under 28 U.S.C. § 1442(a)(1) on the basis that Suarez has asserted a tort claim against the United States.[2] I now grant the United States' unopposed motion to dismiss her claim against it, and because that dismissal leaves no basis for federal jurisdiction over the remaining state-law claims, I also remand this case back to state court.

**A.     Motion to Dismiss**

The United States moved to dismiss Suarez's claim against it, arguing that her claim is barred because she failed to first exhaust her administrative remedies before filing suit. Doc. 13. Suarez was required to respond to that motion to dismiss by March 17, 2015, but she failed to do so. Under Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." I find the United States' motion is unopposed, has merit, and should be granted.

**B.     Remand**

Now that Suarez's claim against the United States—the sole basis for removal jurisdiction—

---

[1] Doc. 1-1.

[2] Doc. 1 at 2.

has been dismissed, I consider whether I should retain jurisdiction over this case. Federal Rule of Civil Procedure 12(h)(3) permits me to ascertain whether I have subject matter jurisdiction over a case at any time and to dispose of a case when subject-matter jurisdiction is lacking.[3] In her complaint, Suarez alleges she is a Nevada citizen, but she makes no effort to identify the citizenship of the remaining defendants Meridian Property Services and Francisco Arce. *See* Doc. 1-1. Her only claim is a state-law claim for negligence. *See id.* I thus find on the face of the complaint nothing to trigger federal jurisdiction over the remaining parties or claim. Accordingly, I hereby remand this case back to the Eighth Judicial District Court, Case No. A-14-709635-C.

## Conclusion

Accordingly, it is HEREBY ORDERED that the United States' Motion to Dismiss **[Doc. 13] is GRANTED**.

It is FURTHER ORDERED that this case is **remanded** back to the Eighth Judicial District Court, Case No. A-14-709635-C, and the clerk of court is instructed to close this case.

DATED: April 10, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[3] Fed. R. Civ. Proc. 12(h)(3). 28 U.S.C. § 1442(a)(1) permitted removal in this instance: "A civil action that is commenced in a State court and this is against or directed to [The United States or any agency thereof] . . . may be removed by them to the district court of the United States for this district and division embracing the place wherein it is pending."